IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-60837
Summary Calendar

THANES KANTH, Also Known as Sebastiampillai Mariyathas Thanuskanth,

Petitioner,

v.

MICHAEL B. MUKASEY, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A94 788 934

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Thanes Kanth, a native and citizen of Sri Lanka, has filed a petition for review of an order of the Board of Immigration Appeals ("BIA") denying his ap-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plication for asylum, withholding of removal, and relief under the Convention Against Torture. The immigration judge ("IJ") found that Kanth's testimony was not "fully credible" and that Kanth had failed to provide sufficient evidence to corroborate his claims. Although the BIA recognized the IJ's findings that Kanth's testimony was not credible and that Kanth had failed to establish "a nexus between the harm he suffered and a protected asylum ground," the BIA dismissed Kanth's appeal based on the IJ's "alternative" determination that Kanth had failed to provide corroborating evidence in support of his claims or a sufficient explanation of why such evidence was not available.

On a petition for review of a BIA decision, this court reviews the factual findings for substantial evidence. Zhu v. Gonzales, 493 F.3d 588, 594 (5th Cir. 2007). Under the substantial evidence standard, a petition for review wil not be granted unless this court decides "'not only that the evidence supports a contrary conclusion, but also that the evidence compels it.'" Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006) (citation omitted); 8 U.S.C. § 1252(b)(4)(B). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); see also 8 U.S.C. §§ 1229a(c)(4), 1231-(b)(3)(C).

The BIA's determination that Kanth failed to satisfy his burden to provide evidence corroborating his claims is supported by substantial evidence, and Kanth has failed to demonstrate that the evidence compels a contrary conclusion. See Chen, 470 F.3d at 1134.

The petition for review is DENIED.